## Cammarata Estate

*Cyril D. Brain*, for accountant.

*Joseph M. Ianuzzi*, for petitioner.

BOYLE, P. J., September 21, 1964.—The question involved in the audit of the first and final account of the administrator c.t.a. is whether the will of the decedent disposed effectively of the proceeds of a life insurance policy of which his estate was the named beneficiary.

The will is as follows:

"I, William Cammarata, of Pittsburgh, Allegheny County, State of Pennsylvania, being of sound mind and memory do hereby make and declare this to be my last Will and testament hereby revoking all and other wills or Codicils by me at any time made.

"I authorize and empower the Metropolitan Life Insurance Company to forward the proceeds of my twenty year endowment policy number 590 332 742 MP issued in the name of William Cammarata on March 1st, 1959 to Betty Jane Cornelius. who shall use these funds to further the education of her daughter and my cousin Debra Lynn Cammarata.

"In the event Debra Lynn Cammarata is decreased (sic) prior to maturity of this policy I name Betty Jane Cornelius to receive full benefit as a contingent beneficiary.

"3rd May 1959
"William Cammarata"

Decedent died on December 23, 1961, leaving to survive him as his only heir at law, his mother, Rose Cammarata, who died on November 12, 1963. Decedent was also survived by his cousin, Deborah Lynn Cammarata, also known as Debra Lynn Cammarata, a minor, aged nine years, of whose estate Lee L. Leonard, Esquire, is guardian by appointment of the Orphans' Court of Butler County where the minor now resides with her grandfather.

Letters of administration on the estate of decedent were granted to Howard Jamison on March 28, 1962. On November 1, 1962, the guardian of the minor's estate presented a petition before the register of wills for a citation to show cause why the letters of administration should not be revoked and a paper writing purporting to be decedent's will be admitted to probate. After testimony before the register, the petition was dismissed on July 25, 1963. The register filed an opinion in which it is held that the will did not dispose of any property of decedent nor appoint a guardian or an executor. The petitioner appealed to the orphans' court from the register's decree. Judge Rahauser sustained the appeal by a decree entered January 21, 1964, and in his opinion held that the question whether the will disposed of any property of the decedent should be determined in the audit of the account of the administrator c. t. a. Judge Rahauser also held that decedent intended the questioned writing to be his last will and testament.

In Kauffman Will, 365 Pa. 555, 557, the accepted definition of a will appears as follows:

"A will was defined by Blackstone (2 Bl. Comm. 499) as 'the legal declaration of a man's intentions, which he wills to be performed after his death,' and by Kent as 'a disposition of real and personal property to take effect after the death of the testator.'"

The estate of Deborah Lynn Cammarata, a minor, will receive the sum of $3,968.51, if the will in the case at bar is effective to bequeath the proceeds of the subject insurance policy. The total balance for distribution, as shown by the account, is $12,275.34.

It is contended, on behalf of the estate of Rose Cammarata, the deceased mother of testator and his only heir at law, that the attempted testamentary disposition in favor of Debra Lynn Cammarata or her mother, Betty Jane Cornelius, who predeceased testator, has lapsed by reason of the death of Mrs. Cornelius. The words of the will indicate that Mrs. Cornelius received a gift in her own right only on the event that Debra Lynn failed to live to the maturity of the policy. Debra Lynn has survived to the time for payment of the policy proceeds. Mrs. Cornelius could not have claimed the proceeds in her own right had she survived. Under the will, her only right to take the proceeds would have been as mother and natural guardian of Debra Lynn with the duty imposed upon her of using the proceeds for her daughter's education. She was, in effect, the testamentary guardian appointed by the will for moneys received from decedent on behalf of her daughter. The failure of Mrs. Cornelius to survive does not affect the gift to Debra Lynn.

It is contended that the attempted testamentary disposition in favor of Debra Lynn is directed to the insurance company, the debtor to the estate of William Cammarata, rather than to the executor or administrator of decedent. This, it is argued, is no more than an ineffective change of beneficiary, void for failure to comply with the procedure prescribed by the policy.

It is also objected that the words used are precatory, "authorize and empower," not mandatory.

It is clear that decedent did not intend to change the beneficiary of his insurance policy by his direction. What he intended was what he said. "I . . . do hereby make and declare this to be my last will and testament . . . " True, he used the word "beneficiary" to describe Mrs. Cornelius, but this word may be applied to a distributee of an estate as well as the recipient of insurance. The language is consistent with a testamentary disposition.

An attempted testamentary disposition will be made effective so long as it is certain and definite and capable of intelligent interpretation and enforcement: Gaston's Estate, 188 Pa. 374, 376-379. In the case at bar the testator intended that his will should give the proceeds of the life insurance policy to a guardian or trustee for the education of his minor cousin if she survived him.

Decedent intended the gift in the first instance to pass to the natural guardian of his cousin, Debra Lynn Cammarata, to be used to further the child's education. There is nothing indefinite about the amount given, to whom, or the purpose of the gift.

The mere fact that the disposition is couched in nondirective language is not fatal. The form of a bequest is of little moment; the essential element of a will is that it makes a posthumous disposition of the testator's property and a precatory mode of gift is immaterial if the instrument is signed with testamentary intent: Wenz's Estate, 345 Pa. 393, 396; Hannach's Estate, 332 Pa. 145, 149; McCune's Estate, 265 Pa. 523; Gaston's Estate, supra, 376-77, 379; Knox's Estate, 131 Pa. 220, 227; McKean Estate, 159 Pa. Superior Ct. 409, 411-12; Brobst Will, 12 Fiduc. Rep. 19, 20.

Words of recommendation, request, wish or expectation with respect to a disposition of testator's property are prima facie testamentary and are to be construed as imperative and the equivalent of a command: Wenz's Estate, supra, 394-5; Gaston's Estate, supra, 377-79; Knox's Estate, supra, 227, 232; Brobst Will, 12 Fiduc. Rep. 19, 20, 21; Ackerman Will, 8 Fiduc. Rep. 469, 471.

It matters not to whom the precatory yet mandatory request is directed. It may be addressed to no one in particular: Gaston's Estate, supra, 377-379; Knox's Estate, supra, 227, 232. It may be addressed to "whom it may concern": Brobst Will, supra, 19-21. It may be addressed to a debtor, a firm owing money to decedent or to decedent's estate by reason of a contract: Wenz's Estate, supra, 394-5. The insurance company in the case at bar falls into the last category.

Where no executor is appointed, then the direction is construed to refer to the person with the right to administer: Ackerman Will, supra, p. 473.

The construction of a will rendering every word operative is to be preferred to one which makes some words or sentences idle and nugatory: Hollenbaugh Estate, 402 Pa. 256, 259. A construction satisfying the language used without leading to an absurd or inconvenient result is to be preferred: Duffy's Estate, 313 Pa. 101, 106, 108. This is true particularly if an opposite construction of the will, here rendering it nugatory, will divert the testator's bounty from those he manifestly intended to benefit and give to persons he thought already sufficiently provided for: Idem.

The record contains testimony given before the register by Doctor John DeB. Cornelius, the surviving husband of the minor's mother, and of Joseph Cammarata, the minor's grandfather. This testimony indicates that decedent held his young cousin in the deepest affection. To defeat his intention to provide her with an education renders his will a nullity. The proceeds of

the policy, $3,968.51, should be decreed to the guardian of the estate of Deborah Lynn Cammarata, also known as Debra Lynn Cammarata, a minor, to be used as the testator directed.